```
 1
 2
 3
 4
 5                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
 6                                 AT SEATTLE

 7  KEVIN GREGORY JOHNSON,           )
                                     )
 8              Petitioner,           )    Case No. C08-219-JCC-BAT
                                     )
 9       v.                          )
                                     )    REPORT AND
10  CAROL PORTER,                    )    RECOMMENDATION
                                     )
11              Respondent.           )
                                     )
```

## INTRODUCTION

Petitioner Kevin Gregory Johnson ("petitioner" or "Johnson"), is an inmate at Clallam Bay Corrections Center in Clallam Bay, Washington. In an amended petition for a writ of habeas corpus,[1] brought under 28 U.S.C. § 2254, petitioner challenges his 2005 convictions in King County Cause No. 04-1-14458-9. Dkt. 9, at 1; Dkt. 22, ex. 1. Petitioner presents three grounds for relief:

1. The "[p]olice Lacked Authority To Arrest, Search And Seize Me When They Entered My Home on December 10, 2004." Dkt. 9, at 6, 12.

2. "Court lacked Jurisdiction And in Violation of 5th, 6th and 14th Amendment." *Id.* at 13.

3. "Double Jeopardy When Second Trial Was Conducted By Same Judge After Mistrial Declared." *Id.* at 15.

---
[1] Petitioner proceeds *pro se* and *in forma pauperis* in this matter. Dkt. 4; Dkt. 9.

REPORT AND
RECOMMENDATION – 1

Petitioner requests the Court grant the following relief: (1) issue a writ of habeas corpus, (2) vacate judgment and sentence, (3) order petitioner's criminal history deleted, suppressed or destroyed, and (4) order a hearing on damages. *Id*. at 21.

Respondent filed an answer arguing the Court should dismiss the case because petitioner failed to exhaust his claims and because the petition is barred under the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. 19.

After careful consideration of the amended petition, response, reply, governing law, and the balance of the record, the Court recommends that petitioner's § 2254 petition be DENIED for failure to properly exhaust and as untimely, and that the case be DISMISSED with prejudice.

## BACKGROUND

On June 9, 2004, a jury convicted petitioner of theft in the second degree, forgery, and two counts of attempted theft in the first degree in King County Superior Court No. 04-1-14458-9. Dkt. 22, ex.1. The superior court entered a judgment and sentence on August 8, 2005. *Id*

On August 8, 2005, petitioner filed a notice of appeal to the Washington State Court of Appeals. Dkt. 22, ex. 2. In September 2005, the court of appeals notified petitioner that because he had not provided proof of service of the notice of appeal, it had set a "motion to dismiss and/or impose sanctions for October 7, 2005." *Id.* ex. 6. On November 10, 2005, the court of appeals dismissed petitioner's appeal as "abandoned" after petitioner failed to appear or respond to the court's motions. *Id.* ex. 7.

On November 17, 2005, Mary Harrison filed a request as "next of friend" to reinstate petitioner's appeal. Dkt. 22, ex. 8. The court of appeals denied the request on the grounds that Ms. Harrison was neither a litigant nor an attorney in the matter and therefore lacked standing to pursue the relief requested. *Id.* ex. 9. The court of appeals issued its mandate on March 10, 2006.

REPORT AND
RECOMMENDATION – 2

*Id.* ex. 10.

On October 30, 2005, petitioner mailed a "habeas corpus petition" to the Washington State Supreme Court. Dkt. 22, ex. 16, 17. The state supreme court transferred the petition to the court of appeals for consideration as a personal restraint petition. *Id.* ex. 20. On August 7, 2006, the court of appeals dismissed the petition. Dkt. 22, ex. 27. The court of appeal's dismissal order addressed petitioner's claims that (1) he was improperly sentenced, (2) the trial court improperly calculated his sentencing range, and (3) he was denied access to legal materials in violation of the due process clause. *Id.* The court of appeals found petitioner had "failed to state grounds upon which relief can be granted by way of a personal restraint petition." *Id.* Petitioner did not seek review by the Washington Supreme Court and a certificate of finality was filed on September 26, 2006. Dkt. 22, ex. 28.

Petitioner also filed a federal habeas corpus petition in January 2006. *See Johnson v. State*, C06-118-MJP-JPD. On June 16, 2006, that petition was dismissed as premature because Johnson had not exhausted his state remedies and the personal restraint petition, above, was still pending in the state courts. Dkt. 22, ex. 30, 31.

On February 8, 2008, the Court received petitioner's present federal petition for writ of habeas corpus, dkt. 1; on February 21, 2008, the Court received an amended federal petition for writ of habeas corpus. Dkt. 9.

## DISCUSSION

### I. THE STATUTE OF LIMITATIONS

Under 28 U.S.C. § 2244(d)(1) a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." Pursuant to this section, the one-year limitations period runs from the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). The period of time a properly filed application for post-conviction review is pending in state court does not count toward the limitation period. *Id.* § 2244(d)(2).

The record establishes that petitioner filed his federal habeas petition after the expiration of § 2244(d)(1)'s one-year statute of limitations. Petitioner's judgment became final by the conclusion of direct review on March 10, 2006 when the Court of Appeals issued its mandate terminating review. Dkt. 22, ex. 10. Because his personal restraint petition was pending at that time, the limitation period was tolled until September 26, 2007, when the court of appeals issued the certificate of finality. *Id.* ex. 28. From that point, petitioner had until September 27, 2007 to file a federal habeas petition.

Although petitioner acknowledges that he filed his federal habeas petition after § 2244(d)(1)'s limitations period had expired, he argues the "one year limitation was re-triggered by [his] warrantless arrest on January 17, 2008, wherein respondent issued a false warrant asserting that [he] had violated community custody." Dkt. 9, at 20. Petitioner is mistaken. At most, the January 2008 arrest would permit petitioner to challenge that arrest and the sanctions arising from violations of community custody. But the alleged community custody violations are entirely separate from the claims for relief in petitioner's amended habeas petition and do not resurrect time-barred claims arising from petitioner's arrest in 2004 and criminal trial in 2005. Dkt. 9, at 12-15. As such, petitioner's arrest in 2008 for violations of community custody does not "re-trigger" § 2244(d)(1)'s limitations period.

II. EQUITABLE TOLLING

Section § 2244(d)(1)'s statute of limitations is subject to equitable tolling. *Pace v.*

REPORT AND
RECOMMENDATION – 4

*DiGuglielmo,* 544 U.S. 408, 418 (2005). However, equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (internal quotations omitted). A habeas petitioner seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Here, petitioner alleges no "extraordinary circumstance" beyond his control that has made it impossible for him to file a timely petition. Rather, the record shows that in 2006 petitioner filed a habeas petition, albeit prematurely, challenging the same 2005 convictions he challenges in the present petition and raising at least one of the same grounds for relief: "Court lacked jurisdiction over defendant because police entered defendant's home without a warrant to arrest or seize." *See Johnson v. State*, C06-118-MJP-JPD, Dkt. 4. The record thus shows petitioner could have presented his claims in a timely manner.

Because the petition was filed after expiration of § 2244(d)(1)'s limitations period, and because no evidence justifies statutory or equitable tolling, petitioner's claims should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

III. EXHAUSTION

A petitioner must exhaust state remedies before a federal district court may review the merits of a § 2254 petition. 28 U.S.C. § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). A petitioner can satisfy the exhaustion requirement by either (1) fairly and fully presenting each of his federal claims to the highest state court from which a decision can be rendered, or (2) demonstrating that no state remedies are available to him. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A petitioner fairly and fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal

basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

A habeas petitioner must explicitly identify the federal basis of his claims by identifying specific portions of the Constitution or federal statutes, or by citing federal or state case law that analyzes the Constitution. *Insyxiengmay*, 403 F.3d at 668; *Fields*, 401 F.3d at 1021. Alluding to broad constitutional principles, without more, does not satisfy the exhaustion requirement. *Id*. Although *pro se* petitioners may be entitled to more leniency, *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), such petitioners ordinarily do not satisfy the exhaustion requirement if the state court must read beyond their motion in order to ascertain their claims. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Here, petitioner failed to exhaust his state remedies. First, petitioner failed to present his claims to the state's highest court. *See Johnson* 88 F.3d at 829; *Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir. 1982). Instead, he abandoned his direct review, dkt. 22, ex. 9; further, after the court of appeals dismissed his personal restraint petition, *id*. ex. 27, 28, petitioner failed to seek review by the state supreme court as is required to exhaust his state remedies. *Batchelor*, 693 F.2d at 863.

Second, petitioner did not "fairly and fully" present to the state courts the claims in his federal habeas petition. *Johnson*, 88 F.3d at 829. Petitioner presented to the state court of appeals the following claims: (1) he was improperly sentenced, (2) the trial court improperly calculated his sentencing range, and (3) he was denied access to legal materials in violation of the due process clause. Dkt. 22, ex. 27. However, these are not the claims petitioner presents in his federal habeas petition. Rather, petitioner presents the following claims: (1) the police lacked authority to arrest, search and seize petitioner on December 10, 2004, dkt. 9, at 6, 12; (2) the trial court lacked jurisdiction in violation of 5th, 6th and 14th Amendments, *id.* at 13; and (3) the trial

REPORT AND
RECOMMENDATION – 6

judge violated petitioner's double jeopardy protections, *id.* at 15.

In sum, as petitioner has failed to exhaust his federal habeas claims in the state courts, those claims are not eligible for federal habeas review.

CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2254 petition be DENIED and this case be DISMISSED with prejudice.

DATED this 21st day of August, 2008.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 7